The STATE of Ohio, Appellee,

v.

GRIFFIN, Appellant.■

[Cite as *State v. Griffin* (2001), 141 Ohio App.3d 551.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 00CA17.

Decided March 16, 2001.

552

*Paul Gains,* Mahoning County Prosecuting Attorney, and *Jan O'Halloran,* Assistant Prosecuting Attorney, for appellee.

*Robert Rohrbaugh,* for appellant.

VUKOVICH, Presiding Judge.

Defendant-appellant Antonio Griffin appeals the decision of the Mahoning County Common Pleas Court that denied his motion to withdraw a guilty plea. For the following reasons, the judgment of the trial court is reversed and this cause is remanded.

On May 28, 1999, appellant allegedly shot Rocky DeFrank four times. Appellant was indicted for attempted murder with a firearm specification. After plea negotiations, the state amended the charge to felonious assault with a firearm specification. In return, appellant pled guilty to the amended charge on October 20, 1999. Sentencing was scheduled for December 16, 1999.

However, on November 3, appellant wrote a letter to the court indicating his desire to withdraw his plea and be appointed new counsel. In this letter, appellant stated that he was not guilty; that his attorney pressured him to take the plea; and that his attorney lied to him about talking to Erin Vath, an eyewitness to the shooting. Thereafter, appellant's attorney moved to withdraw as counsel, whereupon new counsel was appointed on December 16, 1999. The trial court then scheduled a hearing for December 29, 1999, on appellant's motion to withdraw his plea, and also reset appellant's sentencing for the same day in the event the court failed to grant his aforementioned motion. Appellant's new counsel filed a formal motion to withdraw the guilty plea on December 28, which reminded the court that presentence plea withdrawal motions should be freely allowed.

At the plea–withdrawal hearing, appellant argued that his prior counsel pressured him into taking a plea and failed to fully investigate the case. According to appellant, he met a person in jail who told him that his sister was Erin Vath and that she was going to testify that the victim was armed. Appellant's prior counsel told him that Ms. Vath was going to testify that the victim was unarmed. Appellant argued that this new information bolsters the self-defense contentions that he had been making since his initial statement to police. The prosecutor stated that Ms. Vath was interviewed by himself and appellant's prior counsel at the same time and that she stated that the victim was unarmed.

The court refused to allow appellant to withdraw his guilty plea. Appellant was then sentenced to four years on the felonious assault charge plus three years of actual incarceration on the firearm specification. After filing timely notice of appeal, appellant set forth the following assignment of error:

"The trial court erred in refusing to grant appellant's motion to withdraw guilty plea prior to sentencing."

Pursuant to Crim.R. 32.1, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." This rule imposes a strict standard for deciding a postsentence motion to withdraw a guilty plea but provides no guidelines for evaluating a presentence motion. *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. Compare federal Crim. R. 32(e), which provides that the district court may grant a presentence motion to withdraw a guilty plea if the defendant shows "any fair and just reason" and note that Ohio's Crim. R. 32.1 does not explicitly require such a showing.

While the Criminal Rules are devoid of guidelines, case law suggests that the trial court, before ruling on a presentence withdrawal motion, should conduct a hearing to decide whether there is a "reasonable and legitimate basis" for plea withdrawal. *Xie,* 62 Ohio St.3d at 527, 584 N.E.2d at 719–720. We recognize that a presentence plea withdrawal motion need not be automatically granted and that the decision on the motion is within the trial court's discretion. However, case law also establishes that a presentence motion to withdraw a guilty plea shall be "freely" and "liberally" granted. *Id.* at 526–527, 584 N.E.2d at 718–720. Furthermore, the defendant need not establish manifest injustice or extraordinary circumstances as in the case of a postsentence withdrawal motion. Although it is not the role of the appellate court to conduct a *de novo* review, the reviewing court may reverse the trial court's denial of a presentence plea withdrawal motion if the trial court acted unjustly or unfairly. *Id.*

Some of the factors that are weighed in considering the trial court's decision on a presentence motion to withdraw a plea are as follows: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Thomas* (Dec. 17, 1998), Mahoning App. Nos. 96CA223, 96CA225 and 96CA226, unreported, at * 3, 1998 WL 934645, citing the factors first set forth in *State v. Fish* (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788, 790. Accordingly, we now apply the foregoing factors to the facts in the case at bar to determine whether the action of the trial court in overruling appellant's withdrawal motion was unjust or unfair.

In *State v. Cuthbertson* (2000), 139 Ohio App.3d 895, 746 N.E.2d 197, this court ordered the trial court to grant the defendant's presentence plea withdrawal motion. The factors that we held tipped the scales in the defendant's favor were as follows: prejudice to the state was not articulated and would not be presumed; the defendant stated that he was innocent and that he was pressured to plead by his mother, fiancée, and attorney; the defendant timely filed a *pro se* motion to withdraw his plea, which was received by the court a mere week after the plea and two weeks before the scheduled sentencing; the motion stated the specific reasons for plea withdrawal; and the defendant repeated the reasons at the withdrawal hearing.

As for the factors that weigh in appellant's favor in the case at bar, prejudice to the state is not articulated and will not be presumed. Lack of

prejudice to the state as a result of plea withdrawal is an important factor. *Id.* at 899–900, 746 N.E.2d at 200, citing *Fish,* 104 Ohio App.3d at 239–240, 661 N.E.2d 788, and *State v. Boyd* (Oct. 22, 1998), Franklin App. No. 97APA12–1640, unreported, at * 6, 1998 WL 733717.

Moreover, appellant filed a timely *pro se* motion to withdraw his plea. The letter to the court was written November 3, 1999 and postmarked the next day. This is two weeks after appellant pled guilty and more than a month before the scheduled sentencing hearing. In this motion, appellant states that he is not guilty and sets forth the reasons for plea withdrawal. First, he alleges that his attorney failed to properly investigate the case in that he failed to interview the eyewitness. Next, he claims that he felt pressured to plead by his attorney.

Appellant claimed self-defense to the police officers after the shooting and still maintains that he shot the victim in self-defense. At the plea withdrawal hearing, appellant informed the court that while in jail, he was told by the brother of Ms. Vath that she saw the victim draw a gun first. Appellant, therefore, has a legitimate reason to doubt the wisdom of his plea in that he was previously informed that Ms. Vath was going to testify against him but subsequently learned that Ms. Vath's purported testimony would be consistent with his previously announced defense. Appellant also complained that his attorney failed to contact Justin Salata, who he claims is a witness who could exonerate him.

Furthermore, appellant told the court that he felt pressure from his attorney to plead guilty. He claimed that he did not agree to the plea and complained that his attorney told him that he would get more time if he failed to accept the plea to felonious assault. The court responded that his attorney told him the truth. However, at the original plea hearing, when appellant inquired why his attorney said the state would drop the firearm specification, the following dialogue took place:

"[Defense Attorney]: That was a previous plea negotiation, Your Honor.

"[Defendant]: Only thing that we discussed.

"[The Court]: Okay. When in negotiation.

"[Defense Attorney]: That would have been to the attempted murder charge you have to carry around with you; okay? *You are not pleading to attempted murder. This is felonious assault. The time is the same.* The appearance is better for you because it's not as serious an offense." (Emphasis added.)

Apparently the state offered appellant two options: attempted murder without a firearm specification or felonious assault with a mandatory three years of actual incarceration on the firearm specification.

Therefore, we have a scenario wherein the defense attorney purportedly advised appellant to plead guilty to felonious assault or receive more prison time. However, when appellant arrived for the plea, his attorney explained that prison time is the same under either of the offered options and that he chose felonious assault because it looks better on his record. The above excerpt evidences appellant's uncertainty as to the terms of the plea and the benefit to him. As such, appellant presented reasonable and legitimate reasons for seeking to withdraw his plea before sentencing.

Ultimately, this court must weigh the factors in favor of permitting a plea withdrawal with the factors against such an action. Here, we have a multitude of reasons in favor of plea withdrawal: professed innocence; confusion; timeliness; and a judicial standard of free and liberal granting of such a motion. To offset these factors, we merely have the restoration of the state of Ohio to the position it had prior to the plea bargain, *i.e.*, it has to prove the guilt of a party presumed to be innocent. Without more, we must conclude that the balance scale tilts so far in favor of appellant that the denial of appellant's motion to withdraw his plea was unfair.

For the foregoing reasons, the judgment of the trial court is reversed, and this cause is remanded for further proceedings according to law and consistent with this court's opinion. Appellant is permitted to withdraw his guilty plea.

*Judgment reversed*
*and cause remanded.*

GENE DONOFRIO and WAITE, JJ., concur.