OPINION
Defendant-appellant Earnest M. Lane ("Lane") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his motion to withdraw his plea prior to sentencing.
On March 29, 2000, a house fire began on Leland Avenue. Five residents of the home perished in the fire. On April 19, 2000, Lane was indicted on one count of complicity in aggravated arson, one count of complicity in aggravated robbery with a firearm specification, and five counts of complicity in aggravated murder. Lane entered a plea of not guilty to all charges on May 2, 2000, and counsel was appointed for him. On August 4, 2000, Lane entered a plea of guilty, pursuant to an agreement, to the charge of complicity in aggravated arson, complicity in aggravated robbery without a firearm specification and to five counts of involuntary manslaughter. Sentencing was deferred. On November 16, 2000, Lane moved to withdraw his guilty plea. On December 29, 2000, defense counsel filed a motion to withdraw from the case based upon a claim that continuing as defense counsel would result in a violation of disciplinary rules. A hearing was held on the matter on January 11, 2001, and the motion to withdraw was granted. New counsel was appointed.
On February 22, 2001, a hearing was held on the motion to withdraw the guilty plea. The trial court overruled the motion after the presentation of evidence at the hearing. On March 27, 2001, a sentencing hearing was held and Lane was sentenced to a total of 19 years in prison.
Lane raises the following assignments of error.
 The trial court committed error prejudicial to Lane in overruling the Motion to Withdraw Guilty Plea prior to sentencing pursuant to Rule 32.1 of the Ohio Rules of Criminal Procedure.
 That Lane's original trial counsel was ineffective to the prejudice of Lane and therefore, Lane was deprived of his Constitutional Rights to Counsel.
 That Lane's substitute counsel that was appointed to argue his motion for withdrawal of the guilty plea was ineffective to the prejudice of Lane and therefore, Lane was deprived of his Constitutional Rights to Counsel.
The first assignment of error alleges that the trial court should have permitted Lane to withdraw his guilty plea prior to sentencing. A defendant who enters a plea of guilty has no right to withdraw it prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. The decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse of discretion. Id.
 Some of the factors that are weighed in considering the trial court's decision on a presentence motion to withdraw a plea are as follows: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.
 State v. Griffin (2001), 141 Ohio App.3d 551, 554, 752 N.E.2d 310,313.
In this case, a Crim.R. 11 plea hearing was held on August 4, 2000. As a result of a plea negotiation, the State reduced the aggravated murder charges in the indictment to involuntary manslaughter and dropped the firearm specification on the aggravated robbery. Additionally, the State also dismissed an unrelated pending drug case. The State then recommended that Lane serve a total of 20 years in prison for his offense. The trial court then asked Lane if this was his understanding of the plea agreement and he answered in the affirmative. The transcript of the hearing reveals that Lane was a 22 year old college student who was not under the influence of any substance at the hearing. The trial court then proceeded to inform Lane of the potential sentences he could receive on the seven counts to which he was pleading guilty. The trial court also informed Lane of all of his Constitutional rights and asked him if he understood that he was waiving several of them by pleading guilty, to which Lane responded that he understood. Lane then informed the court that he was entering the plea knowingly and voluntarily and that he was satisfied with the representation provided by his counsel. After going through an extended dialogue with Lane, the trial court asked Lane if he had committed the offenses, to which he replied in the affirmative. The trial court then accepted the guilty pleas and continued the proceedings for the preparation of a pre-sentence investigation report.
On November 16, 2000, Lane filed his motion to withdraw his guilty pleas. This motion was filed more than three months after the guilty pleas were entered. The basis for the motion was that his attorney had wrongly informed him that he would not receive more than seven years in prison for his offenses and that he could still appeal the murder and arson convictions. At no time did Lane allege that he was not guilty of the offenses or that he had a defense to the charges. A hearing was held on the motion on February 22, 2001. At the hearing, Lane again alleged that he was told that the sentence would only be seven years in prison and that he could appeal the conviction. However, he admitted on cross-examination that the trial court had informed him that it alone was responsible for setting the length of the sentence. Lane also admitted that there was no new evidence in his case, only that he misunderstood the potential sentence. The trial court at the hearing asked the State whether it complied with the agreement by dismissing the pending drug charges, which it had. The trial court also learned that Lane had given a statement of culpability. At the close of the hearing, the trial court reviewed the factors listed in Griffin on the record. After reviewing all of the factors, the trial court held that Lane had not established a sufficient reason for the withdrawal of the plea and denied the motion.
Based upon the record before this court, the trial court granted a full hearing and gave a great deal of consideration to the motion. The motion was based solely upon a claimed misunderstanding as to the potential sentence and not upon any claims of innocence or possible defenses. The record reveals that Lane was given an extensive Crim.R. 11 plea hearing at the time of the plea change and claimed that he understood what the judge was saying. There is no claim that he did not understand what the judge was saying, just that he evidently did not believe it. Given this evidence, we cannot find that the trial court abused its discretion in denying the motion to withdraw the plea. Thus, the first assignment of error is overruled.
The second and third assignments of error argue that trial counsel were ineffective.
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
 On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. * * * [T]he initial burden [is placed] upon the appellant since, * * * [t]o impose automatically the initial burden of proof on the state * * * would penalize the prosecution for acts over which it can have no control.
 State v. Jackson (1980), 64 Ohio St.2d 107, 110-11, 413 N.E.2d 819,822.
In the second assignment of error, Lane claims that his first trial counsel was ineffective because he wrongly told him that he would only get seven years in prison and that he could appeal the murder and arson convictions. However, this claim is rebutted by the plea agreement which set forth the maximum sentences and the fact that the sentences could be ordered to be served consecutively. The plea agreement also states as follows:
 Defendant states this change of plea is not made under threat or coercion and that no promises have been made except: state recommends Counts 1 2 to run consecutive and 3 7 to run concurrent, but counts 1 2 to run consecutive 3 7 for a total of 20 years. Order PSI. Defendant to provide sworn statement to prosecuting attorney's office. Dismiss pending case in Judge Reed's court.
Lane signed the above agreement. This statement was also reiterated by the trial court at the change of plea hearing and Lane stated that this was his understanding. Lane's claim that if he would have known he would get more than seven years in prison, he would not have entered the plea is not supported by the record. It is clear that regardless of any alleged representations made by his attorney, Lane was fully informed of the potential sentences before he changed his plea. Thus, he did not suffer any prejudice from any alleged errors by his attorney. The second assignment of error is overruled.
In the third assignment of error, Lane claims that his second trial counsel was ineffective by not calling the first attorney to testify. "The decision whether to call a witness is a trial tactic that generally will not sustain a claim of ineffective assistance." State v. Payton
(1997), 124 Ohio App.3d 552, 559, 706 N.E.2d 842, 846. Here, Lane claims that if the second attorney had called the first attorney as a witness, it would have supported his claim that the first attorney gave him bad advice. However, there is no evidence to support the claim. Even if it were true, though, we have already determined that any alleged errors concerning the possible sentence made by the first attorney would not have been prejudicial to Lane as he was given the correct information, both verbally and in writing, before he signed the plea agreement and changed his plea. The second trial attorney presented evidence at the hearing and argued in favor of his client's position. Thus, the failure to call the first attorney as a witness may have been trial strategy which we will not find to be ineffective. The third assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
WALTERS, P.J., and HADLEY, J., concur.