DECISION
Appellant, Teresa Ann Brown, appeals from a judgment of the Franklin County Court of Common Pleas that overruled her motion to withdraw a guilty plea and sets forth the following assignment of error:
 It is an abuse of discretion not to permit a defendant to withdraw her pleas pre sentence when the evidence shows that her counsel was patently ineffective by not preparing for trial.
On April 12, 2001, appellant was indicted on two counts of robbery, one a felony of the second degree and one a felony of the third degree, and entered a plea of not guilty on April 30, 2001. The case was set for pre-trial on June 6, 2001, and for trial on June 18, 2001. Appellant's trial counsel filed a motion to suppress statements, along with a motion for discovery and a bill of particulars. Appellant alleges that, at the pre-trial, she provided her trial counsel with a list of witnesses who would testify she was at a birthday party at the approximate time of the robbery, but no notice of alibi was ever filed. Appellant also had a letter showing she was at the city prosecutor's office shortly prior to the time of the robbery.
When appellant appeared for trial on June 18, 2001, the following occurred:
 THE COURT: We're here on the matter of State of Ohio versus Teresa Brown, case number 01CR-2166. Counsel for the state and for the defense ready to proceed?
[PROSECUTOR]: Yes, Your Honor.
MR. JURKOVAC: I don't think so, Judge.
THE COURT: Well, today's the trial date.
 MR. JURKOVAC: I know, and I'm not ready to proceed to trial.
 THE COURT: Well, I'm not continuing it, so we're either going to do the plea as you worked it out you can agree on a sentence, you can ask for a PSI, or we start a trial. It's quarter of 11:00; we've been dealing with this since 9:00; so make a decision, because I've got to call a jury up here and start it after my drug trial. We'll be doing it today for sure. My drug trial will be short.
 MR. JURKOVAC: Judge, she wants to know if she can hire a private counsel.
THE COURT:
 No. We don't play these games on trial date. You want to hire counsel, you should have done it a long time ago. You got 30 seconds. Take a seat. [Tr. 2-3.]
Thirty minutes later, appellant entered a plea of guilty to a lesser included offense of theft as a fourth degree felony. The prosecutor indicated that the amount of $2,000 had been taken from the victim. There was no agreement or recommendation for sentence and, pursuant to appellant's request, the court ordered a pre-sentence investigation and set sentencing for July 26, 2001.
On July 23, 2001, appellant, through new counsel, filed a motion to withdraw her guilty plea, alleging that she may have a defense that her previous attorney did not have sufficient time to investigate, that she felt pressured to enter a plea and understood she was entering a plea pursuant to North Carolina v. Alford (1970), 400 U.S. 25.
The trial court held a hearing on the motion to withdraw the guilty plea on July 26, 2001, and appellant testified in part:
 Q. Now, on the day that was set for trial, did you ask your lawyer if he investigated a potential alibi that you had given him the information on?
 A. Yes, sir, I did. And he stated to me that he did not have time, that he did not have time, that he was too busy.
 Q. And did you feel pressured to enter a plea guilty, by your lawyer?
A. Yes, sir, I did.
Q. What form was that pressure? What kind of pressure?
 A. I felt pressure because he said that he did not know what to do when the judge got at him about being ready for the case, when he says that he didn't have time to investigate, and just, he just had me all confused and scared and nervous.
 Q. Did you feel like he pushed this plea to an F-4 on you?
 A. Yes, sir. He sat down and crossed his leg and he told me: If I was you, sister, I would take the plea because I have an extensive criminal record. And he sat down and crossed his leg. He said he did not know what to do. He said: If I was you, sister, I would take the plea and go on with it. I didn't know what to do and I was afraid.
(Witness crying).
 Q. Would you then say that you were not freely and voluntarily entering that plea?
 A. No, sir, I was not freely and voluntarily entering that plea.
 Q. Did you know that, in fact, you had many people who could witness the fact of where you were that evening?
 A. At that time I knew that I did, and I give my witnesses and things to Mr. Jurkovac, and Mr. Jurkovac didn't put things in order.
Q. Did he subpoena anybody for the trial?
A. No, sir, he didn't do anything. [Tr. 13-14.]
On cross-examination, appellant admitted that, after some discussion with her attorney on the day of trial, she decided to accept the offered plea and that the judge had reviewed her rights.
At the conclusion of the hearing, the court explained to appellant that, if the plea was withdrawn, the original charges would be reinstated, that the state might not offer a reduction in the charges or, if it did, the court might not accept it; however, appellant chose to proceed with the motion. The court stated:
 THE COURT: Okay. The motion for withdrawal of guilty plea is denied. I find that she freely and voluntarily entered into the plea. I find that the only reason why she is moving to withdraw the guilty plea is because at the time of sentencing after the plea was entered, I told her that I did not believe she would be a candidate for probation, and because of that I think she wanted to withdraw the plea, and there's no case law that says you're entitled to withdraw a plea just because you don't like the sentence of the Court. So the motion is denied. [Tr. 46.]
The court sentenced appellant to twelve months in the Ohio Department of Rehabilitation and Correction, and ordered her to pay $2,000 in restitution to the victim.
Crim.R. 32.1 provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
In State v. Xie (1992), 62 Ohio St.3d 521, syllabus, the court held:
 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
The court further stated, at 527:
 * * * [I]t must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. In this case, the trial court held such a hearing, at which it carefully considered Xie's motion and all the circumstances surrounding the entering of the plea. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.
While Crim.R. 32.1 does not provide a standard for granting a motion to withdraw a guilty plea prior to sentencing, the court, in Xie, relied on Barker v. United States (C.A.10, 1978), 579 F.2d 1219, to find that:
 * * * [M]otions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality * * *.
Appellee argues that, in applying the standard in Xie and the factors set forth in State v. Griffin (2001), 141 Ohio App.3d 551, the trial court did not abuse its discretion. In Griffin, the court stated, at 554:
 Some of the factors that are weighted in considering the trial court's decision on a presentence motion to withdraw a plea are as follows: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 Plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. * * *
Appellee argues that the trial court complied with Crim.R. 11, that appellant had a full hearing on her motion to withdraw her guilty plea, that there are problems posed by her alibi defense, that the state would be prejudiced because a witness was unavailable and that appellant was advised of the potential sentence at the time the plea was entered.
There is no doubt that the trial court fully complied with Crim.R. 11, and appellant gave responses indicating an awareness of the rights being waived. She was represented by counsel and the court did hold a full hearing on the motion to withdraw. The facts presented by the state show that the victim was robbed at approximately 9:30 p.m., on April 4, 2001. Appellant presented a letter from the Columbus City Attorney's office stating that a person named Teresa Adams, a name appellant apparently also uses, was at the office until 8:45 p.m., on April 4, 2001. Appellant further testified she was at a party with numerous witnesses at 9:15 p.m. Although appellant argues there are problems with her alibi defense, the issue is not whether her defense would be believed by a jury but whether or not a plausible defense exists. The state further claims it would be prejudiced as a witness is visiting family members outside of the country with no definite date of return; however, the record does not indicate who the witness was, what the witness' testimony would be or how essential the testimony was to the state's case.
After much discussion, the trial court's reason for denying the motion was that appellant knew she would not be placed on probation. While the trial court may have personally recollected a discussion with appellant as to sentence, we are confined to those matters which are in the record. A review of the transcript from June 18, 2001, and particularly of appellant's guilty plea, does not reflect any discussion of sentencing.
We conclude the trial court abused its discretion in overruling appellant's motion to withdraw her guilty plea. The case was set for trial within two months of the indictment and no request had been made for a continuance, nor had one been granted. Counsel admitted being unprepared for trial and there was no evidence of any urgent necessity to dispose of the case. The motion to withdraw the guilty plea was timely filed and there is arguably a defense. Other than a statement by the prosecutor, which is unsupported by evidence in the record, there is no showing of prejudice to the state. While the trial court stated appellant's only basis for seeking to withdraw her guilty plea is that she was aware she would not be put on probation, this assertion is unsupported by the record.
For the foregoing reasons, appellant's assignment of error is sustained, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings in accordance with this decision.
Judgment reversed and remanded.
DESHLER and BROWN, JJ., concur.