DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from the Huron County Court of Common Pleas. There, the court denied a presentence motion to withdraw a guilty plea. Because we conclude that the denial of the motion was erroneous, we reverse and remand.
 {¶ 2} On August 17, 2001, two young men cut the telephone wires to the rural home of an elderly man, and broke into his house. When the man confronted them, the intruders bound him, placed a pillow case over his head and locked him in his own bathroom while they looted the home.
 {¶ 3} Two weeks later, the same pair, once more, tried to break into the same house. This time, however, they were unable to completely disable the victim's telephone. The man called 911 and a nearby patrolling sheriff's deputy responded within minutes. Some hours later, officials found two men hiding under a truck in the victim's garage. Deputies arrested Paul Drobiezewski and appellant, Jason L. Dellinger.
 {¶ 4} Appellant was indicted on multiple counts which included robbery, kidnaping, theft, criminal tool possession, aggravated robbery, disruption of public services, attempted disruption of public services, and burglary. Following the indictment, a Huron County Public Defender was appointed to represent appellant, who entered a not guilty plea.
 {¶ 5} On November 9, 2001, as a result of the plea agreement, appellant pled guilty to the burglary and robbery counts. The remaining counts were dismissed and a joint sentencing recommendation of 15 years imprisonment was made. The court set a sentencing date for January 9, 2002. However, on December 6, 2001, appellant, pro se, moved to withdraw his plea. In his motion, appellant stated that he was dissatisfied with his appointed counsel with whom he had only one conference.
 {¶ 6} The court set appellant's motion for a hearing, at which appellant reiterated his dissatisfaction with appointed counsel
 {¶ 7} and his assertion that the only contact he had had with the defense counsel was in the courtroom during appearances and a telephone conversation the day before his plea, during which counsel proposed a plea bargain to which appellant acquiesced. Appellant also asserted he asked counsel to move to suppress statements he made to police after his arrest, but counsel failed to do so.
 {¶ 8} The public defender, who had represented appellant, advised the court that appellant's account was essentially correct. The public defender explained his office was overburdened and that appellant's letters requesting a suppression motion were misfiled. Notwithstanding this, the public defender stated that he would not have filed the motion because appellant had signed a Miranda waiver and, in his opinion, such a motion would have been frivolous.
 {¶ 9} The trial court denied appellant's motion to withdraw his plea and eventually sentenced appellant to the 15 years imprisonment jointly recommended as part of the plea agreement.
 {¶ 10} Appellant now appeals his conviction and sentence, setting forth the following two assignments of error:
 {¶ 11} "The trial court abused it's [sic] discretion by overruling defendant's motion to withdraw his guilty plea prior to sentence.
 {¶ 12} "The court erred by not appointing new legal counsel for the hearing on the defendant's motion to withdraw his plea."
 {¶ 13} The issues appellant raises are more interrelated than they appear. Appellant's public defender appeared at the motion hearing with the understanding that his services had been terminated. Yet, no substitute counsel was appointed, and the testimony the public defender offered was deleterious to his client/former client's former position. Appellant correctly characterizes this testimony as more in the nature of counsel explaining his own actions rather than advocating his client/former client's position. Whether the public defender was not appellant's counsel or was not acting as appellant's counsel, the trial court's failure to appoint another defense counsel or make the necessary inquiries as to whether appellant waived counsel at that point, deprived appellant of the counsel to which he was entitled through each critical stage of the proceeding. Crim.R. 44; see, also, State v. Pruitt (1984),18 Ohio App.3d 50, 57. Moreover, by failing to appoint substitute counsel for the motion hearing, the court deprived itself of advocacy in favor of the motion to withdraw the plea.
 {¶ 14} Accordingly, the trial court erred in failing to appoint counsel for the motion hearing. Appellant's second assignment of error is well-taken.
 {¶ 15} Whether the failure to appoint counsel was prejudicial to appellant implicates our consideration of his first assignment of error.
 {¶ 16} Crim.R. 32.1 provides:
 {¶ 17} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 18} While the general rule is that motions to withdraw pleas before sentencing should be "* * * freely allowed and treated with liberality * * *, State v. Xie (1992), 62 Ohio St.3d 521, 526, quotingBarker v. United States (C.A.10 1978), 579 F.2d 1219, 1223, the ultimate decision of whether to grant the motion rests in the sound discretion of the court. Xie at paragraph two of the syllabus. Absent an abuse of discretion, the court's decision must be affirmed. An "abuse of discretion" is more than an error of judgment or of law, the term connotes that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 19} While Crim.R. 32.1 provides no guidance as to when the denial of the motion would be outside the court's discretion, State v.Xie, at 526, on presentation of a presentencing motion courts are directed to hold a hearing on the motion, "* * * to
 {¶ 20} determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. at paragraph one of the syllabus. In the absence of more definite standards, appellate courts have crafted a test to determine whether the motion should be granted. In a case prior to Xie, at least one court held that it was an abuse of discretion to deny the motion absent evidence of prejudice to the prosecution. State v. Davis (Nov. 4, 1987), Hamilton App. No. C-860638. A more complete, but nonetheless in-exhaustive, list of consideration has evolved: "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge."State v. Griffin (2001), 141 Ohio App.3d 551, 554. See, also, State v.Fish (1995), 104 Ohio App.3d 236, 240.
 {¶ 21} Applying these factors to the present matter, we must conclude (1) there was no evidence that the state would be unfairly prejudiced by a grant of the motion; (2) there is
 {¶ 22} conflicting evidence as to the quality of representation afforded appellant, but even defense counsel admits that his client contact was minimal for such a serious offense; (3) the Crim.R. 11 hearing was conducted with great care; (4) the motion hearing was conducted without replacement counsel for appellant; (5) the court wrote extensive findings following the motion hearing; (6) timing of the motion was reasonable; (7) appellant steadfastly articulated his dissatisfaction with counsel; (8) it is not clear whether sufficient counsel as to the charges and penalties was given in the brief time defense counsel communicated with appellant; and, (9) appellant believes he can prevail on his suppression motion notwithstanding his Miranda waiver.
 {¶ 23} On balance, appellant had a reasonable and legitimate basis for withdrawing his plea. Had the trial court employed the proper analysis, we believe it would have found this.
 {¶ 24} Accordingly, appellant's first assignment of error is well-taken.
 {¶ 25} On consideration whereof, the judgment of the Huron County Court of Common Pleas is reversed. This matter is remanded to said court to permit appellant to withdraw his guilty plea. Costs to appellee.
JUDGMENT REVERSED.
Peter M. Handwork, J. and James R. Sherck, J., concur.
Richard W. Knepper, J., dissents.