OPINION
{¶ 1} Appellant Robert Rankin appeals the decision of the Belmont County Court of Common Pleas denying his presentence motion to withdraw a guilty plea. Appellant pleaded guilty to driving while intoxicated ("DWI"), a violation of R.C. 4511.19(A)(1). The crime was a felony due to appellant's prior DWIs. Appellant's reason for changing his plea was that he was told that he might receive a prison sentence when, according to his interpretation of applicable sentencing statutes, he could not have been sentenced to any prison time. Appellant's interpretation of the sentencing statutes is incorrect and the judgment of the trial court is affirmed.
 {¶ 2} On August 23, 1997, appellant was arrested for DWI in Flushing Township, Belmont County, Ohio. On October 1, 1997, appellant was indicted on a felony charge of DWI, in violation of R.C. 4511.19(A)(1). The charge was elevated to a felony based on appellant's four prior DWI convictions within the previous six years. See R.C. 4511.99(A)(4). Appellant pleaded no contest to the charge and was sentenced to serve three months in the Belmont County Jail and six months in the East Ohio Correctional Facility. Appellant's conviction was overturned by this court due to ineffective assistance of counsel. State v. Rankin (May 18, 2001), 7th Dist. No. 98-BA-9.
 {¶ 3} After the case was remanded, appellant entered a guilty plea to the DWI charge on August 24, 2001, after a full plea hearing. Appellant's written guilty plea form indicated that he could receive up to twelve months in prison. The prosecutor agreed to recommend a sentence of six months of community control sanctions. The trial judge told appellant at the plea hearing that he could receive a maximum sentence of twelve months of local incarceration. (8/24/01 Tr., p. 4.) Sentencing was scheduled for October 5, 2001, but was rescheduled for September 28, 2001.
 {¶ 4} Appellant attempted to retain new counsel, attorney Albert W. Davies, on September 28, 2001. Attorney Davies had not met with appellant, but had been sent a retainer fee. Attorney Davies attended the September 28, 2001, hearing. At the scheduled hearing, attorney Davies raised an oral motion to withdraw appellant's guilty plea. (11/14/01 J.E.) Attorney Davies immediately ceased representing appellant after this hearing.
 {¶ 5} A hearing on the motion to withdraw the guilty plea was held on November 2, 2001. Appellant had new appointed counsel, attorney Paul Jefferis, at this hearing. Appellant's argument at the hearing appeared to be that he only entered a guilty plea to avoid any chance of going to prison. Appellant later concluded that he could not have been sentenced to prison under the sentencing laws in effect at the time he committed the crime. (11/2/01 Tr., p. 23, 28.) Appellant seemed to assert that he would not have pleaded guilty to the charge if he had known there was no possibility of a prison term. The court overruled appellant's motion to withdraw his guilty plea, and proceeded to sentence him. The court found that appellant had six prior DWI convictions, seventeen license suspensions, drug and alcohol problems, other criminal convictions, and lied about his prior record. The court sentenced him to twelve months of community control sanctions, including twelve months of incarceration at the Belmont County Jail, along with a $750 fine and a lifetime license suspension. (11/14/01 J.E.) This timely appeal followed.
 {¶ 6} Appellant's sole assignment of error asserts:
 {¶ 7} "The trial court erred constituting an abuse of discretion by denying the Defendant-Appellant's motion to withdraw his guilty plea."
 {¶ 8} Appellant argues that he would not have agreed to plead guilty to felony DWI if he had known that there was no danger the court would impose a prison term. Considering that the trial court clearly explained to appellant that the maximum penalty would only involve local incarceration rather than prison, there is no basis for appellant's argument.
 {¶ 9} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." This rule provides no guidelines for a trial court to use in evaluating a presentence motion to withdraw a guilty plea. State v. Xie (1992), 62 Ohio St.3d 521, 526,584 N.E.2d 715. Caselaw has established that a presentence motion to withdraw a guilty plea should be freely and liberally granted, but need not be automatically granted. Id. at 526-527.
 {¶ 10} The trial judge has the discretion to grant or deny the motion. Id. at paragraph two of the syllabus. An abuse of discretion requires more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v.Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331.
 {¶ 11} This court has developed a set of guidelines for determining whether a presentence motion to withdraw a guilty plea should be granted:
 {¶ 12} "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Griffin (2001), 141 Ohio App.3d 551, 554,752 N.E.2d 310, citing the factors first mentioned in State v. Fish
(1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788; see also State v.Kramer, 7th Dist. No. 01 CA 107, 2002-Ohio-4176.
 {¶ 13} Appellant's reason for withdrawing his plea is based onGriffin factor No. 8, "whether the defendant understood the nature of the charges and potential sentences". (Emphasis added.) Id. at 554. Appellant's reason for withdrawing his plea is based, in part, in changes to Ohio's felony sentencing laws in 1996 and 1997. The first DWI sentencing statute at issue is R.C. 4511.99. The version of the statute which applies to appellant was established by H.B. No. 72, effective March 18, 1997:
 {¶ 14} "(4)(a) If, within six years of the offense, the offender has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 of the Revised Code * * * or if the offender previously has been convicted of or pleaded guilty to a violation of division (A) of section 4511.19 of the Revised Code under circumstances in which the violation was a felony * * * the offender is guilty of a felony of the fourth degree. The court shall sentence the offender in accordance with sections 2929.11 to 2929.19 of the Revised Code and shall impose as part of the sentence a mandatory term of local incarceration of sixty consecutive days of imprisonment in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days of imprisonment in accordance with division (G)(2) of that section, whichever is applicable."
 {¶ 15} This statute established that appellant's crime was a fourth degree felony, and that it might be punishable by either local incarceration or prison, depending on the application of R.C. 2929.13(G)(1) and (G)(2).
 {¶ 16} The version of R.C. 2929.13 in effect when the crime was committed was established by H.B. No. 166, effective October 17, 1996. That version of the statute added a new section G, which stated:
 {¶ 17} "(G) Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:
 {¶ 18} "(1) Except as provided in division (G)(2) of this section, the court shall impose upon the offender a mandatory term oflocal incarceration of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code and shall not reduce the term pursuant to section 2929.20, 2967.193, or any other provision of the Revised Code. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. The courtshall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison. A mandatory term of local incarceration imposed under division (G)(1) of this section is not subject to extension under section 2967.11
of the Revised Code, to a period of post-release control under section2967.28 of the Revised Code, or to any other Revised Code provision that pertains to a prison term." (Emphasis added.)
 {¶ 19} "OMVI" is an abbreviation for operating a motor vehicle while intoxicated in violation of R.C. 4511.19. See the definition in R.C. 2929.01(II).
 {¶ 20} The version of R.C. 2929.13(G)(1) at issue here mandated that a defendant convicted of a fourth degree felony DWI be sentenced to local incarceration, and specified that he could not be sentenced to prison, unless the matter was otherwise controlled by section (G)(2) of the statute. Former R.C. 2929.13(G)(2) stated:
 {¶ 21} "(2) If the offender previously has been sentenced to a mandatory term of local incarceration pursuant to division (G)(1) of this section for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory prison term of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code and shall not reduce the term pursuant to section 2929.20, 2967.193, or any other provision of the Revised Code. In no case shall an offender who once has been sentenced to a mandatory term of local incarceration pursuant to division (G)(1) of this section for a fourth degree felony OMVI offense be sentenced to another mandatory term of local incarceration under that division for a fourth degree felony OMVI offense. The court shall not sentence the offender to a community control sanction under section 2929.16
or 2929.17 of the Revised Code. * * *"
 {¶ 22} This section of the statute imposed a mandatory prison term, but only for a defendant who committed a second or subsequent fourth degree felony DWI.
 {¶ 23} Appellant's indictment does contain a specification that he had four prior DWI convictions within the past six years, elevating the crime to a fourth degree felony. The indictment did not specify or allege that any of the prior convictions were felony convictions, but neither did the indictment rule out that possibility.
 {¶ 24} Appellant's argument is based on proving three items: (1) that, at the time he entered his guilty plea, he could not have been sentenced to a prison term; (2) he was told that he could have been given a prison term; and (3) this contradiction is a sufficient reason for allowing him to withdraw his guilty plea.
 {¶ 25} It is fairly obvious from the record that appellant was informed, prior to the court's acceptance of his plea, that prison was an option. This is supported by Appellant's written guilty plea, which notes that the maximum penalty was twelve months in prison and that a prison term was necessary. (9/7/01 Plea of Guilty.) This form is signed by appellant's attorney, the prosecutor, and the trial judge, Hon. John M. Solovan, II.
 {¶ 26} Given the state of the law at the time, it appears that appellant was subject to a possible prison term by admitting he committed a fourth degree felony DWI. Additional facts apart from his plea agreement might dictate whether his felony DWI would require a prison term or local incarceration, but those facts were not listed in appellant's plea agreement. Given that the guilty plea form contains no other limitations on the nature of the felony, it correctly noted that a fourth degree felony DWI was subject to a possible prison term.
 {¶ 27} The trial judge determined at the plea hearing that Appellant would be subject to only local incarceration. The judge does not specify the basis for this limitation. The trial judge specifically told appellant that he could only receive local incarceration. (8/24/10 Tr., p. 4.) Appellant stated that he understood the possible penalties as explained by the judge. (8/24/01 Tr., p. 4.) Although prison had been a punishment option up to this point, the trial judge himself excluded the option at the plea hearing.
 {¶ 28} Based on the preceding analysis, it appears that appellant was at risk of receiving a prison sentence if the case had gone to trial. It might have been proven at trial that Appellant had a prior felony DWI conviction. That issue never reached trial because appellant agreed to plead guilty to the charge, and because the judge restricted the possible penalty to local incarceration.
 {¶ 29} It is understandable that appellant may have been somewhat confused by the sentencing options presented to him, even though there were no errors in the events that led up to his sentencing. The sentencing provisions for felony DWI convictions are confusing by their very nature. Appellant's possible confusion is the only factor weighing in his favor for allowing him to withdraw his plea. The following factors weigh heavily against granting the motion to withdraw the plea: (1) appellant was represented by counsel when he made his plea; (2) there were extensive hearings both in accepting the plea and in considering the motion to withdraw the plea; (3) the motion was thoroughly considered by the trial judge; (4) the timing of the motion to withdraw the plea was very suspect, coming just before sentencing was scheduled; (5) appellant's stated reason for withdrawing his plea has no factual or legal basis; (6) the trial judge clearly informed appellant of the maximum potential penalties; (7) there are no other indications that appellant was confused when he entered his plea; and (8) appellant does not assert that he is actually not guilty of the charges against him or that he has a valid defense. Seeing that the overwhelming weight of the Griffin factors supports the trial court decision, the trial court was within its discretion to overrule appellant's motion to withdraw his plea.
 {¶ 30} We hereby overrule appellant's assignment of error and affirm the trial court's decision in full.
Judgment affirmed.
Donofrio and DeGenaro, JJ., concur.