JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Frederick McGee appeals from his assault conviction, arguing that the trial court erred in denying his Crim.R. 32.1 presentence motion to withdraw his no-contest plea. We agree.
McGee, a registered nurse, originally pleaded not guilty to the assault charge. On the day of his trial, none of the state's witnesses appeared to testify. Despite the absence of the state's witnesses, defense counsel advised McGee to enter a no-contest plea to the charge. The court accepted the no-contest plea and found McGee guilty. The matter was continued for a month for sentencing.
At the beginning of the sentencing hearing, new counsel for the defendant orally moved the court to vacate the plea. He argued that McGee had been given bad advice from prior counsel, and that McGee was not aware at the time of the plea that the conviction would encumber his nursing career, creating a collateral disability. McGee personally informed the court that he would not have entered the plea if he had known that it would end his nursing career. The state did not present any objection.
The trial court should freely grant a defendant's motion to vacate a no-contest plea made prior to sentencing.[1] In making its determination, the court should fully consider the defendant's motion, any prejudice to the state, and all the circumstances surrounding the entry of the plea, including whether the defendant was represented by competent counsel.[2] This court must review the denial of such a motion under an abuse of discretion standard and must reverse the decision where the trial court has acted unjustly or unfairly.[3]
Here, the trial court gave short shrift to McGee's motion, summarily denying it without fully considering McGee's legitimate reasons for the withdrawal or the circumstances surrounding the entry of the plea. The court's denial of McGee's motion, when such motions are to be freely granted, was an abuse of discretion.
The judgment of the trial court is reversed, and the case is remanded with instructions for the court to allow the defendant to withdraw his no-contest plea.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Hendon, JJ.
[1] See State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.
[2] See State v. Griffin, 141 Ohio App.3d 551, 554, 2001 Ohio 3203, 752 N.E.2d 310.
[3] See Xie, supra, at paragraph two of the syllabus.