{¶ 38} I must strongly dissent in this matter because a manifest injustice has occurred. I express no opinion as to the guilt or innocence of Brandon R. Bailey. However, his constitutionally guaranteed right to a fair trial has been violated in this proceeding.
 {¶ 39} Pursuant to Crim.R. 32.1, Bailey filed a motion to withdraw his previously entered plea of guilty. At the change of plea hearing, his defense counsel candidly testified under oath that he had not done his job in preparing an adequate defense. Such honesty on the part of a lawyer should not result in an injustice being visited upon the client.
 {¶ 40} The law in Ohio is clear. When a motion to withdraw a plea is made prior to sentencing, it SHALL be "`freely allowed and treated with liberality.'"[2] Such a right to have a change of heart is subject to the discretion of the trial court to determine if the circumstances justify the withdrawal of the plea.[3] In the instant matter, appellant continued to maintain his innocence and was very emphatic in stating that he would not have entered a "guilty" plea if his lawyer had not counseled him to abandon ship.
 {¶ 41} As stated by the Seventh Appellate District:
 {¶ 42} "While the Criminal Rules are devoid of guidelines, case law suggests that the trial court, before ruling on a presentence withdrawal motion, should conduct a hearing to decide whether there is a `reasonable and legitimate basis' for plea withdrawal.[4] We recognize that a presentence plea withdrawal motion need not be automatically granted and that the decision on the motion is within the trial court's discretion. However, case law also establishes that a presentence motion to withdraw a guilty plea shall be `freely' and `liberally' granted.[5] Furthermore, the defendant need not establish manifest injustice or extraordinary circumstances as in the case of a postsentence withdrawal motion. Although it is not the role of the appellate court to conduct a de novo review, the reviewing court may reverse the trial court's denial of a presentence plea withdrawal motion if the trial court acted unjustly or unfairly.[6] [7]"
 {¶ 43} Also critical in this court's review to determine whether the trial court acted justly and fairly is the determination whether any prejudice would have resulted to the state if the motion to withdraw the guilty plea were granted. As stated in State v. Cuthbertson:
 {¶ 44} "First, there is no allegation that the state's case would be prejudiced upon withdrawal of the plea. Lack of prejudice to the state is said to be one of the most important factors.[8] [9]"
 {¶ 45} There is not a shred of evidence in this record that the granting of the withdrawal would have prejudiced the state. The trial of the co-defendant had just concluded and, presumably, the witnesses were, therefore, still available. Appellant's timing was poor. The trial had begun, he entered a plea, and then he attempted to vacate that same plea. However, the mere inconvenience to the parties involved pales when compared to an individual's absolute right to trial by jury. Inconvenience is further minimized when one considers the liberality encompassed in the rule freely allowing the withdrawal of a plea versus the difficult burden a defendant must carry to reverse a conviction on the basis of ineffective assistance of counsel. In this case, judicial policy compels the granting of a motion to withdraw a plea versus the reversal of a conviction based upon ineffective assistance of counsel. A rush to judgment in this situation does not speak well to the integrity of the judicial system.
 {¶ 46} It is not possible to read the transcript of the hearing on the motion to withdraw the plea and uphold the ruling on an abuse of discretion standard. The ruling was unjust and unfair. The lawyer in this case freely admitted his error; the state demonstrated a total lack of prejudice; and appellant steadfastly maintained his innocence. These are ample predicates for allowing the withdrawal of the guilty plea prior to sentencing versus overturning a conviction on appeal based upon ineffective assistance of counsel. The ruling of the trial court does not embody the free, intelligent, and voluntary nature of proceedings that can support an eight-year prison term. It was expediency disguised as justice.
[2] State v. Xie (1992), 62 Ohio St.3d 521, 526, quotingBarker v. United States (C.A. 10, 1978), 579 F.2d 1219, 1223. See, also, State v. Peterseim (1980), 68 Ohio App.2d 211,213-214.
[3] Id.
[4] State v. Xie, supra, at 527.
[5] Id. at 526-527.
[6] Id.
[7] State v. Griffin (2001), 141 Ohio App.3d 551, 554.
[8] State v. Fish (1995), 104 Ohio App.3d 236, 239-240. See, also, State v. Boyd (Oct. 22, 1998), 10th Dist. No. 97APA12-1640, 1998 WL 733717, at *6 (noting that prejudice usually involves a scenario where a state's witness has become unavailable).
[9] State v. Cuthbertson (2000), 139 Ohio App.3d 895, 899.