DECISION AND JUDGMENT
{¶ 1} This appeal is from the May 24, 2007 judgment of the Erie County Court of Common Pleas, which sentenced appellant, Elizabeth Ambos, after the entry of a guilty plea and conviction by the court, to charges of contaminating a substance for human consumption or use, kidnapping, tampering with records, and felonious assault. Upon *Page 2 
consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal:
 {¶ 2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW FOR NOT ALLOWING ELIZABETH AMBROS TO WITHDRAW HER PLEA BEFORE SENTENCING.
 {¶ 3} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT HAVING AN ADEQUATE HEARING FOR THE PROPER CONSIDERATION OF APPELLANT'S MOTION TO WITHDRAW HER PLEA."
 {¶ 4} Appellant was indicted on 11 counts. She initially pled not guilty to the charges, but changed her plea on April 19, 2007 to guilty as to five felony counts and the remaining counts were dismissed by the prosecution. Prior to the plea hearing, the prosecution had notified appellant's counsel in writing of the state's willingness to accept a plea to lesser charges. On April 23, 2007, at the beginning of the sentencing hearing, appellant requested to withdraw her guilty plea against the wishes of her counsel. She stated that she wanted to withdraw the plea because she did not commit the crimes and had second thoughts about having entered a plea after talking to her family. She stated that she had been influenced by the judge's comments that she should take the plea to avoid a greater prison sentence. Appellant's counsel believed that appellant entered a knowing, voluntary, and intelligent plea. He further stated that he had not misrepresented the judge's comments to appellant that the failure to take the plea might lead to additional terms of imprisonment if additional facts came out during trial. After consideration of *Page 3 
the statements of appellant, her counsel, and the prosecutor, the trial court denied the motion to vacate the plea. Appellant was sentenced to nine years of imprisonment.
 {¶ 5} In her first assignment of error, appellant argues that the trial court erred as a matter of law when it did not grant her motion to withdraw her guilty plea.
 {¶ 6} Absent a manifest injustice, a motion to withdraw a guilty plea must be made prior to imposition of the sentence. Crim. R. 32.1. While there is no absolute right to withdraw a plea, generally the motion should be freely and liberally granted. State v. Xie (1992),62 Ohio St.3d 521, paragraph one of the syllabus. The trial court exercises its discretion when it considers whether the circumstances of the case warrant the granting of the motion to withdraw the plea. Id. at paragraph two of the syllabus. To reverse on appeal, we must find that the trial court made more than an error of judgment. The trial court's ruling must have been "unreasonable, arbitrary or unconscionable." Id. at 527, citing State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 7} Factual considerations that appellate courts have noted as relevant to the issue are: "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim. R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps *Page 4 
not guilty or had a complete defense to the charge." State v.Murphy, 176 Ohio App.3d 345, 2008-Ohio-2382, ¶ 39, citing State v.Griffin (2001), 141 Ohio App.3d 551, 554.
 {¶ 8} In the case before us, appellant asserts that she was unduly influenced by the comments of the sentencing judge who made comments during a telephone conversation with another judge taking the plea, the prosecution, and defense counsel. Defense counsel had relayed the substance of the conversation to appellant. Appellant believed that she was told by the sentencing judge that she had better take the plea agreement or she would face substantially more prison time because she chose to go to trial. The sentencing judge explained that he was certain that he had only stated that appellant was possibly subjecting herself to a greater sentence if she did not accept the plea agreement because additional facts would have been revealed after a trial of the charges, which could lead to an increased sentence.
 {¶ 9} The prosecution stated that the maximum sentence on the counts to which appellant pled guilty was 28 years of imprisonment. However, based upon the original charges, she faced a sentence of approximately double that amount of time. Appellant's lawyer denied having misrepresented anything that the judge had stated. Furthermore, appellant's counsel agreed that entering a plea in this case was the most appropriate course of action. He further stated that he believed that the plea hearing was entirely proper and that appellant voluntarily, intelligently waived her rights when she entered the guilty plea. He surmised that appellant was merely having a change of heart. The court *Page 5 
considered the experience of appellant's counsel and found him to be well-qualified to represent appellant.
 {¶ 10} Upon a consideration of all of the facts in this case, we find that appellant has failed to establish that the trial court abused its discretion by denying her motion to withdraw her guilty plea. Appellant's first assignment of error is found not well-taken.
 {¶ 11} In her second assignment of error, appellant argues that the trial court erred by failing to hold an adequate hearing on her motion to withdraw her guilty plea.
 {¶ 12} In this case, appellant moved to withdraw her guilty plea on the day of sentencing, which was four days after her plea had been entered. Because the motion was a surprise to her counsel, appellant argues that the trial court should not have held the impromptu hearing on the matter so that she could have had an opportunity to consult with her attorney and he would have had time to prepare.
 {¶ 13} When faced with a motion to withdraw a guilty plea, the court must conduct a full and fair hearing to determine if there is a reasonable and legitimate basis for withdrawal of the plea. State v.Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus. During the hearing, the trial court must give full and fair consideration to the motion to withdraw the plea and give the defendant the opportunity to present any and all arguments in support of the motion. State v.Peterseim (1980), 68 Ohio App.2d 211, 214.
 {¶ 14} In the case before us, appellant's counsel did admit that the motion to withdraw the plea was a surprise to him and that he would need more time to brief the issue regarding the court's standard to be applied in consideration of the motion. *Page 6 
However, appellant's counsel, as well as the prosecution, was fully prepared to discuss the facts of the case. The plea hearing had been held only four days prior to the sentencing hearing. There is also no assertion by appellant that she could not contact her attorney prior to the morning of the sentencing hearing.
 {¶ 15} Furthermore, the nature of the basis for appellant's motion was such that additional time was not necessary to understand it or prepare an argument in support of it. Appellant believed that she had been unduly influenced by a threat of greater punishment if she chose to proceed to trial. Her counsel stated that there was no factual basis for appellant's interpretation of the judge's statements.
 {¶ 16} Therefore, we find that the trial court did give appellant a full and fair hearing on the motion to withdraw the guilty plea. Appellant's second assignment of error is not well-taken.
 {¶ 17} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
 JUDGMENT AFFIRMED. *Page 7 
Peter M. Handwork, J. Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1