[Cite as *State v. Bridget*, 2020-Ohio-6776.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                  Court of Appeals Nos. WD-19-043
                                                                              WD-19-044
          Appellee                                                         WD-19-045

v.                                                  Trial Court Nos. 2018CR0122
                                                                              2018CR0453
Kyle Oneal Bridget                                                   2018CR0121

          Appellant                        **DECISION AND JUDGMENT**

                                                  Decided:  December 18, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} In this consolidated appeal, appellant, Kyle Oneal Bridget, appeals the

May 2, 2019 judgment of the Wood County Court of Common Pleas denying his motion

to withdraw his guilty plea.

**{¶ 2}** He presents one assignment of error for our review:

I.  THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

**Background**

**{¶ 3}** Bridget was the subject of a three-count indictment related to his conduct on September 5, 2018.  Count 1 charged Bridget with Attempted Murder which is a felony of the first degree.  Count 2 charged Bridget with felonious assault.  In Count 3, he was charged with tampering with evidence.

**{¶ 4}** He was arraigned on these charges on October 17, 2018.  Discovery was conducted and numerous pretrials were held.  Then, on March 11, 2019, as part of a plea agreement, he pleaded guilty to Count 1 of the indictment, attempted murder, and the other charges were dismissed.  It is important to note an essential fact concerning the victim in this case.  Prior to taking the plea, the victim died, but not because of the injuries sustained in this incident involving the appellant.

**{¶ 5}** On April 8, 2019, before sentencing, Bridget filed a pro se motion to dismiss as well as a pro se motion to withdraw his guilty plea.  On April 23, 2019, Bridget's original trial counsel was granted leave to withdraw.  New counsel was appointed and a hearing in Bridget's motion was set.

**{¶ 6}** On May 2, 2019, a hearing was held on Bridget's motion to withdraw his guilty plea.  Before the hearing commenced, he voluntarily withdrew his motion to

2.

dismiss.  Testimony was taken and Bridget was given the opportunity to testify and be cross-examined.  His original trial counsel also testified.

{¶ 7} The court denied Bridges' motion to vacate his plea.  He was then sentenced to prison for five years on the attempted murder charge.  The sentence is not an issue before this court.

## Analysis

{¶ 8} One who enters a guilty plea has no right to withdraw it.  A court's denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion.  *State v. Favre*, 6th Dist. Erie Nos. E-10-051, E-10-052, 2012-Ohio-4187, ¶ 14, citing *State v. Harmon*, 6th Dist. Lucas No. L-10-1195, 2011-Ohio-5035, ¶ 11.  Accordingly, we will not reverse the trial court's denial of that motion unless we find that the court's attitude in ruling on the motion was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  *State v. Meadows*, 6th Dist., Huron No. H-20-003, 2020-Ohio-4942, ¶ 11-12.

{¶ 9} While Crim.R. 32.1 does not specify the circumstances under which a presentence motion to withdraw may be granted, Ohio courts typically evaluate nine factors when considering such a motion:  (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the

3.

defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Murphy*, 176 Ohio App.3d 345, 2008-Ohio-2382, 891 N.E.2d 1255, ¶ 39 (6th Dist.), citing *State v. Griffin*, 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (7th Dist.2001) ("the Griffin factors").

{¶ 10} A mere change of heart is not a sufficient reason to permit withdrawal of a plea. (Citations omitted.) *State v. Acosta*, 6th Dist. Wood No. WD-15-066, 2016-Ohio-5698, ¶ 18. *State v. Ybarra*, 6th Dist. Wood WD-19-006, 2019-Ohio-4824, ¶ 9.

{¶ 11} We next examine the trial court's resolution of each of the factors when determining whether to deny the motion to withdraw.

{¶ 12} *Whether the state will be prejudiced by withdrawal of the plea.* No evidence was presented by appellee that it would have been prejudiced if appellant had been permitted to withdraw his plea. This factor weighed in favor of appellant.

{¶ 13} *Representation afforded to appellant.* The trial court found that appellant was represented by highly competent counsel. It is noted that counsel secured a favorable plea agreement in which the remaining two felony counts would be dismissed by the prosecutor. We also note that appellant stated on the record that he was satisfied with counsel's advice when he entered his guilty plea. Therefore, this factor weighs against the granting of the motion.

{¶ 14} *Extent of Crim.R. 11 hearing.* The trial court found that appellant was afforded a comprehensive Crim.R. 11 plea hearing and we agree with its assessment.

4.

Our review of the May 12, 2019 plea hearing, as well as the plea agreement signed by Bridget, confirms that he was fully informed of his rights and the implications of his plea. Crim.R. 11(C)(2)(a) provides that for a plea to be properly offered by a defendant and accepted by the trial court, the court must determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶ 15} On review, we must find the trial court informed the defendant of these facts and that the totality of the circumstances would support the trial court's determination the defendant understood these facts prior to entering the plea. *State v. Acosta*, 6th Dist. Wood No. WD-15-066, ¶ 10, citing *State v. Nero*, 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474 (1990). This factor weighs against the granting of the motion to vacate.

{¶ 16} *Extent of motion to withdraw hearing*. The appellant received an extensive hearing on his motion to withdraw. He was granted new counsel. He testified and was subject to cross-examination. His former trial counsel was also called to testify, and he was likewise subject to cross-examination. This factor also weighed in favor of denying the motion.

{¶ 17} *Whether the trial court gave full and fair consideration of the motion*. The record demonstrates that the trial court provided appellant full and fair consideration of

the motion, appointing new counsel, allowing appellant to testify, and further permitting cross-examination of his prior counsel. This factor weighs against the granting of the motion.

{¶ 18} *Whether timing of the motion was reasonable*. The filing of the motion took place 28 days after the plea, and before the sentencing. This factor weighs in favor of the granting of the motion.

{¶ 19} *Reasons for the motion*. Appellant argued that the motion should be granted, essentially for three reasons. One, his trial counsel told him that the deceased victim's statements would be admissible against him. Two, that he had a defense, namely, self-defense. Third, that there was not a proper investigation done by his investigator.

{¶ 20} Bridget testified that his counsel misled him into taking a plea because "he told me that the alleged victim's statements would be forfeited to the jury. However, him being dead would have made the alleged victim's statement inadmissible." He went on:

> DEFENDANT: He also stated that he did not know how to represent me properly at trial and promised my mental condition would be part of the Judges determination at the time of the plea and sentencing as mitigating factors to get a lighter sentence. I discovered this along with there not being an investigation -- a full investigation -- pertaining to the injuries I sustained which are visible self-defense wounds. I believe these are grounds for a new trial because as of March 11th, I found out that the

6.

detective that finished the report would have to take the stand, and this would be biased at trial.

{¶ 21} The record of the plea hearing, as well as the testimony of his trial counsel, reveals the exact opposite advice was given to appellant. It was made obvious to Bridget on the record during the plea hearing on March 11, 2019, when his counsel stated, in discussing the deceased victim, "I have explained to my client at the previous pretrial that he is deceased, and that obviously there's certain items of his testimony that might not be admissible and they would be hearsay." The trial court found that appellant failed to present a reasonable and legitimate reason to withdraw his guilty plea and found his reasons to be a "change of heart." This factor weighed in favor of denying the motion.

{¶ 22} *Whether appellant understood the nature of the charges and potential sentences*. At the plea hearing, it appeared that appellant understood all the rights and consequences connected to entering his guilty plea. Appellant did not ask any questions and stated he understood the charges and the consequences of the plea agreement. He initialed every page of the plea agreement and ultimately affixed his signature to the document. This factor weighs against the granting of the motion.

{¶ 23} *Whether appellant was not guilty or had a complete defense to the charge*. At the hearing on the motion to withdraw, appellant advocated that he acted in self-defense. He was informed by his counsel that this is an affirmative defense requiring proof. When it was pointed out to him that the victim was stabbed multiple times in the back and therefore, it would be difficult to establish a successful argument of

7.

self-defense, Bridget said that he was first stabbed in the eye by the victim. The hospital records were then introduced. These records showed that he told the emergency room nurse that he was "struck with a fist." There was no evidence or mention of a stabbing.

{¶ 24} Further, at the hearing, Bridget indicated that he did not have any issues with the investigation itself, but believed that the report would be biased.

{¶ 25} Looming like a dark shadow above all of this was Bridget's voluntary post-Miranda statement to the Bowling Green police wherein he admitted to the stabbing and that he attempted to hide the knife used in the attack. He appeared at the police department wearing bloodied clothing.

{¶ 26} This factor concerning a possible real defense in this case, therefore, weighs against granting the motion.

{¶ 27} Upon review of the transcripts from the plea hearing, the sentencing hearing, and the hearing on the motion to withdraw as well as the trial court's detailed findings denying the motion, we find that overall, the factors weigh in favor of denying appellant's motion to withdraw his guilty plea. Appellant's statements and arguments demonstrate a mere change of heart rather than a reasonable and legitimate basis for withdrawing the plea. Therefore, the trial court did not abuse its discretion in denying appellant's motion.

8.

**{¶ 28}** Appellant's sole assignment of error is not well-taken. Therefore, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.