[Cite as *State v. Gross*, 2022-Ohio-2434.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Maumee          Court of Appeals No.  L-22-1001

         Appellee          Trial Court No.  21CRB00128

v.

Matthew Gross          **DECISION AND JUDGMENT**

         Appellant          Decided:  July 15, 2022

* * * * *

Martha Schultes, City of Maumee Prosecuting Attorney,
for appellee.

.

Henry Schaefer, for appellant.

* * * * *

**MAYLE, J.**

**{¶ 1}** Defendant-appellant, Matthew Gross, appeals the November 23, 2021 judgment of the Maumee Municipal Court, convicting him of failing to reasonably control a dog, sentencing him to a 30-day suspended term of jail, restitution, and a three-year period of probation during which he may not own, harbor, or keep a dog, and

ordering that the dog be euthanized.  For the following reasons, we affirm the trial court judgment.

## I.  Background

{¶ 2} Matthew Gross's sister was walking his two dogs—a male pit bull named Whitey and a female pit bull—when the dogs escaped her control.  Whitey bit a person, causing injury requiring medical treatment; it was the second time Whitey had bitten a person.  Gross was charged in Maumee Municipal Court with failing to reasonably control a dog, a violation of R.C. 955.22(C).  On June 8, 2021, after waiving his right to counsel, Gross, pro se, entered a plea of no contest and was found guilty.  The trial court ordered a presentence investigation report and continued the matter for sentencing.

{¶ 3} After several more continuances, the sentencing hearing was reset for September 3, 2021.  On September 2, 2021, Gross retained an attorney who entered an appearance, requested that the September 3, 2021 hearing date be vacated, and moved "for a new date to be scheduled."  The docket reflects that on September 7, 2021, counsel "request[ed] [that the] case be placed back to pretrial conference status."  That request was denied, and the matter was again reset for sentencing on October 8, 2021.  Gross failed to appear and a bench warrant was issued.

{¶ 4} Gross was finally sentenced on November 23, 2021.  The court imposed a 30-day suspended term of jail, restitution of $671.01, and a three-year period of probation during which he may not own, harbor, or keep a dog.  Gross was ordered to surrender Whitey to Lucas County Animal Control to be euthanized.  The trial court granted a

2.

motion by Gross to stay pending appeal its orders (1) requiring surrender of Whitey, and (2) prohibiting him from keeping dogs at his home.

{¶ 5} In this appeal, Gross assigns the following errors for our review:

I.    The Trial Court Erred When it Denied Mr. Gross's Motion to Withdraw His Uncounseled Plea Prior to Sentencing.

II.    Mr. Gross Received Ineffective Assistance of Counsel.

## II.  Law and Analysis

{¶ 6} In his first assignment of error, Gross argues that the trial court erred in denying his motion to withdraw his plea.  In his second assignment of error, he argues that if his first assignment fails "for want of an action that should have been taken by his attorney, such as timely objecting or waiving" his rights, we should find that he received ineffective assistance of counsel.

## A.  Motion to Withdraw His Plea

{¶ 7} Gross first argues that the trial court erred in denying his motion to withdraw his plea of no contest.  He claims that the factors a court must consider in determining whether to grant a motion to withdraw a plea weigh in favor of allowing him to do so, yet the trial court denied his motion without a hearing.  The state responds that Gross failed to appear at the hearing at which counsel sought to withdraw his plea, the court conducted a thorough and comprehensive plea colloquy, and Gross understood the nature of the charges and his potential sentence.

3.

**{¶ 8}** Crim.R. 32.1 governs the withdrawal of a plea of guilty or no contest and provides that such motion "may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1 does not specify the circumstances under which a presentence motion to withdraw may be granted, however, Ohio courts typically evaluate nine factors when considering such a motion:

> (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*State v. Griffin*, 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (7th Dist.2001).

**{¶ 9}** "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992), paragraph one of the syllabus. A mere change of heart is not a sufficient reason to permit withdrawal of a plea. (Citations omitted.) *State v. Acosta*, 6th Dist. Wood No. WD-15-066, 2016-Ohio-5698, ¶ 18. Nevertheless, the Ohio Supreme Court has recognized that "a presentence motion to withdraw a guilty plea should be freely and liberally granted."

4.

*Xie* at 527. We review the denial of a motion to withdraw a plea under an abuse-of-discretion standard. *Id.* at paragraph two of the syllabus.

{¶ 10} Although not pointed out by the state, there is a fundamental problem with Gross's first assignment of error: there is nothing in the record unambiguously demonstrating that he moved to withdraw his plea. Gross claims that he "attempted to withdraw his plea contemporaneously with acquiring counsel." Problematically, no such motion is contained in the file. The only writing trial counsel submitted on Gross's behalf is his entry of appearance, within which he requested that the court "vacate the hearing date of September 3, 2021, as newly hired counsel is out of town," and "move[d] for a new date to be scheduled."

{¶ 11} Gross contends that a "motion to return the case to a pretrial status was filed along with the entry of appearance of Mr. Gross's counsel." The record on appeal contains no such motion. There is a docket entry indicating that counsel was present in court on September 7, 2021, "requesting case be placed back to pretrial conference status." Gross apparently believes we should construe this as a motion to withdraw his plea. But even if we construe it as such, there was no written memorandum in support of the request or transcript of the proceeding from which we can discern a basis for the motion. Gross did not utilize App.R. 9(C) (statement of the evidence or proceedings when no transcript of proceedings is available) or (D) (agreed statement as the record on appeal) in place of a transcript. As such, we do not know what—if anything—was presented to the trial court in support of his purported request to withdraw his plea.

5.

{¶ 12} Also absent from the record is the transcript of the June 8, 2021 plea hearing itself. Several of the factors for determining whether to allow withdrawal of a plea require consideration of what transpired at the plea hearing. Without that transcript, we are unable to evaluate those factors. *See State v. Mack*, 11th Dist. Portage No. 2005-P-0033, 2006-Ohio-1694, ¶ 18-19 ("The transcript of the guilty plea hearing is necessary to determine whether, based upon the change of plea colloquy, appellant fully understood the nature and consequences of his guilty plea. * * * Because a transcript of the guilty plea hearing is not available, we cannot adequately determine whether appellant fully understood the sentencing consequences of his guilty plea, or what effect the alleged misinformation would have had on his guilty plea.").

Gross also complains that no hearing was held on his motion. It is true that a trial court must generally conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *State v. Murphy*, 176 Ohio App.3d 345, 2008-Ohio-2382, 891 N.E.2d 1255, ¶ 38 (6th Dist.). But "[t]he scope of a hearing on a Crim.R. 32.1 motion to withdraw a guilty plea is 'dependent upon the facial validity of the motion itself.'" *State v. Thomas*, 8th Dist. Cuyahoga No. 103759, 2016-Ohio-4961, ¶ 18, quoting *State v. Wittine,* 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745, ¶ 8. "[B]old assertions without evidentiary support * * * should not merit the type of scrutiny that substantiated allegations would merit." (Internal quotations omitted.) *Id.,* quoting *Wittine* at ¶ 9, quoting *State v. Hall,* 8th Dist. Cuyahoga No. 55289, 1989 Ohio App. LEXIS 1602 (Apr. 27, 1989).

6.

{¶ 13} Here, there is no motion to withdraw the plea in the record. There is no transcript of the plea hearing. There is no transcript evidencing the content of Gross's "motion to return the case to a pretrial status." There is no App.R. 9(C) and (D) substitute for a transcript. We cannot under these circumstances find that the trial court abused its discretion in denying, without a hearing, Gross's request to "return the case to a pretrial status."

{¶ 14} We find Gross's first assignment of error not well-taken.

### B. Ineffective Assistance of Counsel

{¶ 15} In his second assignment of error, Gross argues that if his first assignment of error fails "for want of an action that should have been taken by his attorney," then we should find that trial counsel was ineffective and "the matter should be remanded to correct that injustice." The state responds that the trial court conducted a thorough Crim.R. 11(C) plea hearing, Gross understood the rights he was waiving when he entered his plea, Gross declined to get an attorney until months after he entered his plea, and an attorney would not have made a difference in the outcome of this case.

{¶ 16} Properly licensed Ohio lawyers are presumed competent. *State v. Banks,* 9th Dist. Lorain No. 01CA007958, 2002-Ohio-4858, ¶ 16. In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result. *State v. Shuttlesworth*, 104 Ohio App.3d 281, 287, 661 N.E.2d 817 (7th Dist.1995). To establish ineffective assistance of counsel, an

7.

appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders*, 94 Ohio St.3d 150, 151, 761 N.E.2d 18 (2002).

{¶ 17} Gross does not articulate in what manner he believes trial counsel was ineffective. Perhaps Gross anticipated that his first assignment would fail based on trial counsel's failure to file an unambiguous motion to withdraw his plea or to create a record stating clear bases for such a motion.

{¶ 18} In *State v. Bowman*, 7th Dist. Belmont No. 03-BE-40, 2004-Ohio-6372, ¶ 33, the defendant argued, inter alia, that counsel was ineffective for failing to provide reasons in support of his motion to withdraw his plea. The court found that "[t]o prove counsel's performance fell below an objective standard of reasonable representation by not providing reasoning for the motion, appellant should at least highlight the obvious factual arguments that his counsel missed." *Id.* Because appellant failed to explain how counsel's conduct fell below the reasonableness standard, instead relying on a bare assertion that his counsel was ineffective, the court found that appellant failed to meet his burden of proof on his ineffective-assistance-of-counsel claim.

8.

{¶ 19} Here, too, Gross has failed to highlight the obvious factual arguments that trial counsel missed. What's more, he has neglected to file hearing transcripts or utilize App.R. 9(C) or (D) in place of hearing transcripts, thus this court has nothing to evaluate in determining counsel's performance or the probability of success on his motion to withdraw his plea but for trial counsel's errors. As such, he has not met his burden to establish ineffective assistance of counsel.

{¶ 20} We find Gross's second assignment of error not well-taken.

### III. Conclusion

{¶ 21} We find Gross's first assignment of error not well-taken. The record does not contain a motion to withdraw Gross's plea. Even construing Gross's oral "request [that the] case be placed back to pretrial conference status" as a motion to withdraw his plea, the record contains no memorandum or transcripts setting forth the bases for the motion, the transcript of the plea hearing is not contained in the record, and counsel did not utilize App.R. 9(C) or (D) as a substitute for transcripts. The trial court did not abuse its discretion in denying his request to place the matter "back to pretrial conference status."

{¶ 22} We also find Gross's second assignment of error not well-taken. Gross has failed to meet his burden of showing that trial counsel was ineffective. He neglected to highlight the obvious factual arguments that trial counsel should have made in support of his motion to withdraw his plea. What's more, he did not file hearing transcripts or utilize App.R. 9(C) or (D) in place of hearing transcripts, thus this court cannot evaluate

9.

counsel's performance or the probability of success on his motion but for trial counsel's errors.

{¶ 23} We affirm the November 23, 2021 judgment of the Maumee Municipal Court. Gross is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

_____

Myron C. Duhart, P.J.                    JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.