[Cite as *State v. Cooks*, 2022-Ohio-3495.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No.  S-21-023

       Appellee                              Trial Court No.  19 CR 935

v.

Jerry M. Cooks                                **DECISION AND JUDGMENT**

       Appellant                             Decided:  September 30, 2022

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Neil Stewart McElroy, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Jerry M. Cooks, appeals the judgment of the Sandusky County

Court of Common Pleas, denying his presentence motion to withdraw his guilty plea.  For

the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On October 31, 2019, the Sandusky County Grand Jury entered a three-count indictment against appellant, charging him with two counts of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the second degree, along with attendant firearm specifications under R.C. 2941.145(A), and one count of having a weapon while under a disability in violation of R.C. 2923.13(A)(3), a felony of the third degree. The charges stemmed from appellant's conduct wherein he allegedly struck the victim in the head with a gun, and then discharged the gun at the victim as the victim was running away.

{¶ 3} Appellant entered an initial plea of not guilty to the charges. On February 4, 2020, appellant moved to suppress all evidence of witnesses identifying him as the perpetrator, arguing that the photo arrays that were used were unduly suggestive. Following a hearing, the trial court denied the motion on December 21, 2020. During that time, appellant also filed a notice of alibi.

{¶ 4} The matter was called for a jury trial on June 17, 2021. Before the trial began, however, appellant withdrew his initial plea of not guilty, and entered a plea of guilty pursuant to *North Carolina v. Alford* to one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. In exchange for his plea, the state agreed to dismiss the remaining counts and specifications.

2.

{¶ 5} Sentencing was then scheduled for July 26, 2021. On the day of the sentencing hearing, appellant expressed his desire to withdraw his guilty plea. Appellant's original trial counsel withdrew, and appellant was granted additional time to retain new counsel and to file his motion to withdraw his guilty plea.[1]

{¶ 6} On August 9, 2021, appellant retained a new attorney and filed his motion to withdraw his guilty plea. In his affidavit in support of his motion to withdraw his guilty plea, appellant asserted that although his original counsel advised him that a plea was in his best interest, appellant wanted to exercise his constitutional right to a trial. Appellant stated that he vehemently discussed the matter with his original attorney both before and after the plea because he felt like he was being pressured to enter a plea. Appellant averred that at the time he entered the plea, he "knew that it was wrong and not what I wanted to do." Appellant further stated that during the colloquy with the court, appellant instructed his counsel that he wanted to proceed to trial, and that he was displeased and troubled that he had entered a plea. Finally, appellant stated that he informed his original attorney that he wanted to withdraw his plea, and his original attorney orally instructed the court that appellant no longer wished to tender a plea.

{¶ 7} On November 1, 2021, the trial court held a hearing on appellant's motion to withdraw his guilty plea. At the hearing, appellant did not present any witnesses. Instead, appellant discussed the factors that the trial court should consider when deciding

---

[1] The transcript from the July 26, 2021 hearing was not requested by appellant and is not part of the record.

whether to grant appellant's presentence motion to withdraw his guilty plea. In particular, appellant argued that he was not firm in his conviction to enter an *Alford* plea at the change of plea hearing, that the state would not be unduly prejudiced by the withdrawal of his plea, and that he presented a defense to the charges through his notice of alibi. The state, on the other hand, argued that it would be prejudiced because the matter had already been pending for a long time and the memories of the witnesses could fade. In addition, the state noted that the victim passed away on July 21, 2021, which was five days before the original sentencing hearing.[2] However, the state argued that the victim's death was not critical to its case as the victim had not previously been cooperating with the state, and there were other eyewitnesses to the incident. Both parties agreed that appellant was afforded a full hearing and was represented by competent counsel at the time that he entered his *Alford* plea, and that appellant was afforded a full hearing on his motion to withdraw his guilty plea.

{¶ 8} Following the presentation of the parties' arguments, the trial court denied appellant's motion to withdraw his guilty plea. The trial court found that appellant had been indicted nearly two years earlier, and that the matter had been pending for quite some time. The court also found that it was familiar with the case, having presided over hearings, including the hearing on the motion to suppress, where the court was able to evaluate the witness's credibility. The court recognized that although the witness at the

---

[2] The victim's death was unrelated to appellant's conduct.

4.

suppression hearing was confident in her identification of appellant as the perpetrator of the crime, because memories fade and because the witness was probably reluctant to even participate in the proceedings, the court found that allowing appellant to withdraw his guilty plea would be prejudicial to the state. Further, the court noted that appellant entered his plea on the day of trial, after the jury pool had been assembled, which the court also found weighed in favor of finding prejudice against the state.

{¶ 9} The court then turned its attention to the fact that appellant was represented by highly competent counsel at the time of his plea, and that appellant was given a full Crim.R. 11 hearing and was well aware of the consequences of his decision to enter a plea. The court also found that appellant was being given a full hearing on his motion to withdraw his guilty plea. The court noted that the motion to withdraw his guilty plea was timely, but the court did express its concern that appellant entered the plea on the day of his trial, but then reversed course and moved to withdraw his plea on the day of sentencing.

{¶ 10} Finally, the court acknowledged that a presentence motion to withdraw a guilty plea should be entertained more liberally. However, upon weighing all of the factors, the trial court found that there was not a legitimate basis for appellant to withdraw the plea, and thus denied appellant's motion. The court summarized that appellant knew what he was doing when he entered the *Alford* plea, was represented by

5.

highly competent counsel, and just did not like the outcome that he thought was about to occur.

{¶ 11} At sentencing, the trial court ordered appellant to serve an indefinite term of six to nine years in prison.

## II. Assignment of Error

{¶ 12} Appellant has timely appealed his judgment of conviction, and now asserts one assignment of error for our review:

> 1. The trial court abused its discretion when it denied Mr. Cooks'
>
> pre-sentence motion to withdraw his plea.

## III. Analysis

{¶ 13} Crim.R. 32.1 provides, in relevant part, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed." The standard for considering a presentence motion to withdraw a guilty plea has been set forth by the Ohio Supreme Court in *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992):

> [A] presentence motion to withdraw a guilty plea should be freely
>
> and liberally granted. Nevertheless, it must be recognized that a defendant
>
> does not have an absolute right to withdraw a plea prior to sentencing.
>
> Therefore, the trial court must conduct a hearing to determine whether there
>
> is a reasonable and legitimate basis for the withdrawal of the plea. * * *

6.

Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed."

"When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶ 14}** "Ohio courts typically evaluate nine factors when considering [a presentence motion to withdraw a guilty plea]." *State v. Gross*, 6th Dist. Lucas No. L-22-1001, 2022-Ohio-2434, ¶ 8. Those factors are:

(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*Id.*, quoting *State v. Griffin*, 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (7th Dist.2001). "Consideration of the factors is a balancing test, and no one factor is conclusive." *State*

7.

*v. Hartman*, 6th Dist. Huron No. H-17-014, 2018-Ohio-4452, ¶ 14, quoting *State v. Zimmerman*, 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, ¶ 13.

{¶ 15} Here, the trial court examined each of the factors in reaching its decision to deny appellant's presentence motion to withdraw his guilty plea. We will do the same.

## A. Whether the State Will Be Prejudiced by Withdrawal

{¶ 16} In his appellate brief, appellant argues that the prejudice to the state is slight if it exists at all. Appellant notes that the state acknowledged that it had two eyewitnesses available for trial. Further, while the victim died before trial, the state asserted that the victim was not necessary for trial.

{¶ 17} However, we agree with the trial court that some prejudice to the state would exist if appellant were allowed to withdraw his guilty plea. Over two years had passed since appellant was indicted, and we do not think it is unreasonable to recognize that the memories of the witnesses fade over time.

## B. The Representation Afforded to the Defendant by Counsel

{¶ 18} Both parties agree that appellant's original trial counsel was highly competent. But, appellant disputes whether his trial counsel was acting in his best interest since appellant felt like he was being pressured to enter into a plea agreement. Notably, the only evidence supporting this claim is appellant's own self-serving affidavit; no other testimony or evidence was presented at the hearing on appellant's motion to withdraw his guilty plea.

8.

**{¶ 19}** Because there is no dispute that appellant's counsel was competent, we find that this factor does not weigh in favor of withdrawing the guilty plea.

### C. The Extent of the Crim.R. 11 Plea Hearing

**{¶ 20}** Appellant acknowledges, and our review of the plea hearing transcript confirms, that the strictures of the Crim.R. 11 hearing were adhered to by the trial court. In support of his motion to withdraw, appellant claims that he communicated to his counsel that he did not want to enter a plea, but there is no indication of this in the record from the plea hearing. To the contrary, when asked if he was satisfied with his attorney's representation, appellant stated that he was. Likewise, appellant affirmed that he was entering the *Alford* plea of his own free will and choice.

**{¶ 21}** Because the trial court conducted a full Crim.R. 11 hearing, we find that this factor does not weigh in favor of withdrawing the guilty plea.

### D. The Extent of the Hearing on the Motion to Withdraw

**{¶ 22}** Both parties agree that each side was given the opportunity to call witnesses, present evidence, and argue at the hearing. Because this factor is procedural in nature, it does not militate in favor of or against whether appellant has a legitimate reason for withdrawing his guilty plea, but it does provide support for the conclusion that the trial court's decision was not an abuse of discretion.

9.

**E. Whether the Trial Court Gave Full and Fair Consideration to the Motion**

{¶ 23} As with the factor above, whether the trial court gave full and fair consideration to the motion to withdraw is procedural in nature. Here, because the trial court dutifully considered each of the factors in deciding whether to grant or deny appellant's motion, we find that this factor supports a conclusion that the trial court's decision was not an abuse of discretion.

**F. Whether the Timing of the Motion was Reasonable**

{¶ 24} The trial court found that the motion to withdraw the guilty plea was timely. The parties agree that the motion was made within a reasonable time, but the state expresses some skepticism regarding the timing, noting that the motion was made at the sentencing hearing, which occurred only five days after the victim died.

{¶ 25} In this case, appellant entered his *Alford* plea on June 17, 2021, but did not move to withdraw his plea until six weeks later at his sentencing hearing on July 26, 2021. In the abstract, we think that this delay would weigh against granting the motion to withdraw. However, because appellant claims that he had misgivings even at the plea hearing, we cannot discount the possibility that the decision to withdraw was made much earlier, and only raised by counsel at the next opportunity before the court. Thus, we do not find that this factor provides much weight in either direction.

10.

## G. The Reasons for the Motion

{¶ 26} The trial court found that the motion to withdraw the guilty plea set forth reasons, but that the reasons were not specific. Appellant argues that the reason for his motion to withdraw was his steadfast desire to go to trial, which was frustrated by his counsel's pressure to agree to the plea deal. However, "[c]laims that counsel recommended the plea agreement and pressured the defendant to accept a plea bargain are of limited weight where the plea was knowingly and voluntarily made." *State v. Lawhorn*, 6th Dist. Lucas No. L-08-1153, 2009-Ohio-3216, ¶ 23. Furthermore, appellant does not claim that he discovered new evidence, or that his trial counsel was ineffective, or that his plea was not knowingly, intelligently, or voluntarily made. Thus, we conclude that the reason for his motion to withdraw his guilty plea was that he had a change of heart, and "[a] mere change of heart is not a sufficient reason to permit withdrawal of a plea." *State v. Bridget*, 6th Dist. Wood Nos. WD-19-043, WD-19-044, WD-19-045, 2020-Ohio-6776, ¶ 10, citing *State v. Acosta*, 6th Dist. Wood No. WD-15-066, 2016-Ohio-5698, ¶ 18. Because appellant did not have a sufficient reason to withdraw his plea, we find that this factor weighs against withdrawing the guilty plea.

## H. Whether the Defendant Understood the Nature of the Charges and Potential Sentences

{¶ 27} Appellant acknowledges that he understood the nature of the charges and the possible penalties when he entered his *Alford* plea. Thus, this factor weighs against withdrawing the guilty plea.

11.

### I. Whether the Accused was Perhaps Not Guilty
### or Had a Complete Defense to the Charge

{¶ 28} At the hearing, the state cast doubt on appellant's alibi, noting that the place appellant claimed to be at was only about one and a half blocks away from where the incident occurred. Further, the state noted that there were two witnesses who identified appellant, one of whom knew appellant prior to the night of the incident, and there was video evidence of the event, all of which would have contradicted the alibi. Based on this, the trial court found that whether appellant was not guilty or had a complete defense to the charge did not weigh in favor of appellant, noting that it found the testimony of the witness who identified appellant to be credible, and expressing some skepticism regarding appellant's proposed alibi.

{¶ 29} On appeal, appellant argues that the notice of alibi, the *Alford* plea in which he did not admit guilt, and the presumption of innocence afforded to criminal defendants is enough to satisfy the standard for purposes of the consideration of whether he was not guilty or had a complete defense to the charge. Thus, he contends that the factor should be weighed in his favor.

{¶ 30} We disagree. Consideration of this factor requires an evaluation of the merits of appellant's claim of innocence or proposed defense. While the court's evaluation is not a determination of guilt or innocence, a strong claim of innocence or a strong defense weighs more heavily in favor of granting a motion to withdraw a guilty plea than does a weak claim of innocence or a weak defense. Here, we find that appellant

12.

has not presented a strong claim of innocence or a strong defense to the charge of felonious assault, thus we do not find that this factor weighs heavily in favor of granting the motion to withdraw his guilty plea.

## J. Summation

{¶ 31} Upon consideration of all of the factors, we find that although the prejudice to the state would not be significant if appellant were permitted to withdraw his guilty plea, overall the factors weigh in favor of denying appellant's motion to withdraw his guilty plea. Appellant's motion reflects a mere change of heart, and does not demonstrate a reasonable and legitimate basis for withdrawing the plea. Furthermore, it is clear from the record that the trial court gave appellant a full opportunity to present and argue his motion, and gave appellant's arguments full and fair consideration. Therefore, we hold that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.

{¶ 32} Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

{¶ 33} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

13.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.     _____
                JUDGE

Thomas J. Osowik, J.

                _____
Myron C. Duhart, P.J.        JUDGE
CONCUR.

                _____
                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.